E. C. HUMPHREYS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4069.    Promulgated December 19, 1927.

*E. C. Humphreys* pro se.

*Alva C. Baird, Esq.*, and *J. Arthur Adams, Esq.*, for the respondent.

OPINION.

Van Fossan: The record of this case contains proof of very few facts. Petitioner at the outset denied that he had received any sums

in excess of those shown on his returns and throughout maintained this position. The questions of Government counsel as to various other sums alleged to have been paid to petitioner were met by a categorical denial of receipt or by an explanation that in some instances checks drawn in petitioner's name were in fact corporate obligations to third parties, in which cases petitioner acted merely as a conduit and paid over the sums to the proper persons.

One fact only gives us pause. After the hearing had consumed the better part of two days' time and the record was filled with reiterated denials by petitioner of receipt of additional income, petitioner and respondent signed a written stipulation agreeing that an order be entered approving the deficiencies as found by the respondent and submitting to the Board only the question of whether the fraud penalties should be approved. No adequate explanation of the reason for the apparent change of attitude was made and no further evidence was introduced.

On the record before us the evidence does not sustain the charge of fraud. Though the two positions assumed by the petitioner appear inconsistent and were not reconciled, this fact is not enough to prove fraud. The usual presumption of correctness attached to the finding of the Commissioner is fully overcome by the uncontradicted testimony of petitioner.

There being no fraud, the statute of limitations barred respondent from assessing deficiencies for the years 1917 and 1918. The deficiency for 1920 is stipulated to be $25,484.29. No fraud being proven, no penalty attaches for this year.

Under the record in the case the year 1919 is not before us for determination and the action of the Commissioner in respect to that year may not be disturbed. The motion of the Commissioner for setting aside the orders of the Board as to Minnie A. Humphreys is denied.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MARQUETTE and PHILLIPS.